UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY LEFEVERS and
TERESA LEFEVERS,  No. 07-14922

        Plaintiffs,  District Judge Arthur J. Tarnow

v.  Magistrate Judge R. Steven Whalen

WAYNE DISPOSAL, INC.,

        Defendant.
                                         /

**OPINION AND ORDER RE: ATTORNEY FEES**[1]

**I.    BACKGROUND**

On October 22, 2007, Plaintiffs filed suit in the Wayne County, Michigan Circuit Court, alleging claims of negligence and loss of consortium, arising out of an incident in which Plaintiff Charles Anthony LeFevers fell two stories into a toxic waste pit at Defendant's facility. On November 16, 2007, Defendant, a Michigan corporation, removed the case to this Court based on original diversity jurisdiction under 28 U.S.C. § 1332(a)(1), claiming that Plaintiffs were residents of Kentucky.

Plaintiffs filed a motion to remand, arguing that under 28 U.S.C. § 1441(b), a defendant who is a citizen of the forum state cannot remove a case on the basis of

---

[1] This Opinion and Order is filed pursuant to the Court's Order to Show Cause of December 10, 2007 [Docket #9].

-1-

diversity. In response to the motion to remand, Defendants conceded that removal based on diversity jurisdiction was improper, but claimed for the first time that removal was proper on the alternative basis of federal question jurisdiction. Specifically, Defendant argued that the Plaintiffs' claims were based in part on OSHA and corresponding regulations contained in the Code of Federal Regulations.

On December 10, 2007, the Court granted the Plaintiff's motion to remand. Rejecting the Defendant's claim of federal question jurisdiction, the Court stated:

> "Defendant now argues in its response to the motion that plaintiffs' suit presents a federal question. Not so. Plaintiffs' citation of federal statutes and regulations only inform what the defendant's standard of care was, and defendant makes no showing otherwise. OSHA, for instance, does not purport to create a separate private right of action from the tort of negligence." [Docket #9].

In their motion to remand, Plaintiffs also requested attorney fees in the amount of $2,250.00, and in its December 10th Order, the Court directed the Defendant to show cause why it should not award the same. The show cause order was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

## II. DISCUSSION

28 U.S.C.A. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, attorney fees should be awarded where the removing party lacks an objectively reasonable basis for the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). An

award of attorney fees and costs is within the court's discretion. *Id.*

In *Chase Manhattan Mortg. Corp. v. Smith* 507 F.3d 910, 914 -915 (6th Cir. 2007), the Sixth Circuit, finding neither diversity nor federal question jurisdiction, applied the *Martin* standard in affirming an award of attorney fees:

> "It is well established that removal of a state court action under § 1441 is proper only if the action 'originally could have been filed in federal court.' *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Neither diversity nor federal question jurisdiction served as a proper basis for removal of Chase's and MERS's state foreclosure action and the Smiths had no objectively reasonable basis from which to conclude otherwise.

The Court rejected the defendant's claim of federal question jurisdiction, noting that "[f]ederal law did not create the cause of action" (citing *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). *Id.*

In the present case, the parties agree that, under 28 U.S.C. § 1441(c), removal based on diversity–the only ground stated in the original notice of removal– was improper. Nor was there a reasonably objective basis to remove the case based on federal question jurisdiction, even assuming that such grounds were properly asserted for the first time in response to the motion to remand, well after the 30-day period for removal.[2]

---

[2] *See Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919, 924-25 (S.D.N.Y. 1995) (denying leave to add a "federal question" ground for removal well after the original notice of removal had been filed); *In re CBS Inc.,* 762 F.Supp. 71, 73 (S.D.N.Y.1991) ("A petition for removal may be amended freely within the statutory 30-day period calculated from the date of service of the initial state court pleading. Thereafter it may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition. The prior decisions have made a distinction between an 'imperfect' or 'defective' allegation *and a wholly missing*

Plaintiffs' state court complaint was grounded in Michigan negligence law, not federal law. As the district court observed, neither OSHA nor the related regulations create a private cause of action that would be cognizable in this Court. *See Russell v. Bartley*, 494 F.2d 334, 335 (6th Cir. 1974)(OSHA does not create a private civil remedy); *Minichello v. U.S. Industries, Inc.,* 756 F.2d 26 (6th Cir.1985) (OSHA can never provide a basis for liability; *Ellis v. Chase Communications, Inc*., 63 F.3d 473, 477 (6th Cir. 1995) (an OSHA violation may constitute evidence of negligence under state law, but does not support an independent, private cause of action).

Given the lack of any reasonably objective basis for removal, this Court will exercise its discretion, under § 1447(c) and *Martin*, to grant Plaintiffs' request for attorney fees.

Plaintiffs have requested a total of $2,250.00, representing 6 hours of time, at $175.00 per hour, attributable to attorney Christopher M. Hogg, and 3 hours of time, at $400.00 per hour, attributable to attorney Robert H. Darling.

Any award of attorney fees must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing

---

*allegation, which cannot be supplied by amendment after the 30-day period has run*")(emphasis added).

*Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

It appears to this Court that the Plaintiffs' pleadings in this case, including the motion to remand and the brief regarding the show cause order, are well-researched and written, are tailored specifically to the facts of this case, and that they are not mere cut-and-paste or boilerplate jobs. Perhaps Defendant's counsel or some other attorney could have accomplished the task in fewer hours, but that is beside the point. The question for this Court is whether nine attorney hours is a *reasonable* amount of time, and I find that it is. I also find that the hourly rates–$175.00 for Mr. Hogg and $400.00 for Mr. Darling, the more experienced counsel–is reasonable. In addition, I note that the total amount–$2,250.00–is not out of line with awards in similar cases. *See Plaintiff's Reply*, p.5, fn.1 (Docket #11).

Therefore, Defendant having failed to satisfactorily show cause why attorney fees should not be granted, as directed in this Court's prior order [Docket #9], the Plaintiffs' request for attorney fees is GRANTED, in the amount of $2,250.00, and Defendants shall therefore forward that amount to Plaintiffs' counsel within 21 days of the date of this Opinion and Order.

SO ORDERED.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: December 10, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 10, 2008.

                                              s/Susan Jefferson
                                              Case Manager